**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CIERRA ALLYN ROUNDS,** § | |
| **#48657-177,** § | |
| MOVANT, § | |
| § | |
| v. § | **CIVIL CASE NO. 3:19-CV-2453-L-BK** |
| § | **(CRIMINAL CASE NO. 3:14-CR-374-L-2)** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Cierra Allyn Rounds' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the Section 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I.     BACKGROUND**

In 2015, Rounds pled guilty, pursuant to a plea agreement, to conspiring to possess with intent to distribute heroin and was sentenced to 156 months' imprisonment—substantially above the advisory guidelines range of 10-16 months—based on Rounds' stipulation that the medical examiner found that Rian Lashley "died from the toxic effects of heroin" and that her "death resulted from the use of the controlled substance that was distributed." *United States v. Rounds*,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

No. 3:14-CR-374-L-02, Crim. Doc. 199 (N.D. Tex., Feb. 25, 2016); Crim. Doc. 42 (*Factual Resume*); Crim. Doc. 200 at 1, 4 (*Statement of Reasons*). Rounds did not file a direct appeal. On September 24, 2019—well over three years after sentencing—she filed this Section 2255 motion, alleging (1) the Government improperly relied on the stipulated facts to establish her guilt and Lashley's cause of death and (2) counsel was ineffective in failing to "dispute whether the cause of death was as a result of the drugs administered by [her]" and to investigate and challenge the sentence enhancement. Doc. 1 at 4-12.

Because Rounds' Section 2255 motion appears untimely, the Court directed her to respond regarding the application of the one-year limitations period in this case. Doc. 3. As relevant here, Rounds asserts actual innocence as to the "sentencing enhancement" in an attempt to overcome the one-year statute of limitations. Doc. 1 at 17; Doc. 4 at 2. However, Rounds cannot show that she falls within the "actual innocence" exception. Consequently, she cannot overcome the limitations bar and her Section 2255 motion should be dismissed.

II.     ANALYSIS

   A.  **One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Rounds does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so the limitations period began to run when her judgment of conviction became final. *See* Section 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Rounds' conviction became final on March 10, 2016, the last day on which she could have filed a direct appeal from the February 25, 2016 judgment. Fed. R. App. P. 4(b)(1)(A) (providing 14 days to appeal). Thus, the period for filing provided by Section 2255(f)(1) expired on March 10, 2017, and Rounds' Section 2255 motion—deemed filed on October 5, 2019—is time-barred absent equitable tolling.[2]

Rounds posits no facts from which the Court can find that equitable tolling applies. Doc. 4 at 1. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights") (quotations and quoted case omitted). Accordingly, Rounds has failed in her burden to establish that equitable tolling is warranted. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### B. Actual Innocence

Rounds fails to present a credible claim of actual innocence. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *Perkins*, 569 U.S. at 386. A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401

---

[2] The Section 2255 is deemed filed on October 5, 2019, the date on which Rounds signed it and likely also handed it to prison officials for mailing. Doc. 1 at 18. *See* Rule 3(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS (applying the "mailbox rule" to inmates who use jail/prison's mail system).

(quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup*, 513 U.S. at 327).

Here, Rounds presents no newly discovered evidence that would undermine this Court's confidence regarding the finding of guilt and challenges only the factual basis for the Court's upward variance. Rounds argues that she "is actually innocent of causing the death of Rian Lashley because [it] was more than likely caused by a combination of mixed drug intoxication," and not just the heroin that Rounds conspired to distribute. Doc. 1 at 17. She also argues that she is actually innocent of the sentence enhancement under either 21 U.S.C. § 841(b)(1)(C) or U.S.S.G. § 2D1.1(a)(2). Doc. 1 at 17; Doc. 4 at 2.

As an initial matter, Rounds' factual premise is wrong. The Court did not apply a sentence enhancement under 21 U.S.C. § 841(b)(1)(C) or U.S.S.G. § 2D1.1(a)(2). Indeed, the Court concluded that U.S.S.G. § 2D1.1(a)(2) did *not* apply, and instead calculated Rounds' base offense level under U.S.S.G. § 2D1.1(c)(14), resulting in a guideline range of only 10-16 months. Crim. Doc. 200 at 1. Nevertheless, based on the death of the victim, the Court found that an upward variance to 156 months was appropriate. Crim. Doc. 200 at 4.

In any event, Rounds' actual innocence argument fails since "actual innocence jurisprudence 'does not apply to habeas claims based on actual innocence of a sentence.'" *Denman v. United States*, 3:16-CV-1188-G-BK, 2016 WL 3752969, at *2 (N.D. Tex. June 15, 2016) (quoting *United States v. Jones,* 758 F.3d 579, 587 (4th Cir. 2014) (addressing claim in context of time barred section 2255 motion)), *R. & R. adopted*, 2016 WL 3670073 (N.D. Tex. July 11, 2016). *See also Abdul Ali v. Carvajal*, 654 Fed. Appx. 172, 173 (5th Cir. 2016) (per

curiam) (holding challenges to validity of a sentencing enhancement do not satisfy the savings clause of § 2255).

### III. CONCLUSION

In sum, the "actual innocence" exception is inapplicable under the facts of this case, thus, Rounds' Section 2255 motion is time barred. As such, the motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 20, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).